U.S. COURTS

02 NOV 25 PM 1:41

REC'D _____ FILED _____
CAMERON S. BURKE
CLERK, BOISE, IDAHO

JOHN C. JUDGE
LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.
414 S. Jefferson
P.O. Box 9344
Moscow, ID  83843
(208) 883-1505
FAX (208) 883-4593
Idaho State Bar Number 3288
Attorneys for Plaintiffs

LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.
Attorneys & Counselors at Law
414 S. Jefferson
Post Office Box 9344
Moscow, Idaho 83843-0117
(208)883-1505 FAX: (208)883-4593

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| CHRISTINA ARIPA and GEORGE ARIPA, wife and husband, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHIARPAH MATHESON, in both his ) <br> official and individual capacity, ) <br> COEUR D'ALENE TRIBAL POLICE, ) <br> COEUR D'ALENE TRIBE, and COEUR ) <br> D'ALENE TRIBAL COUNCIL, in official ) <br> and individual capacities, ) <br> ) <br> Defendants. ) | Case No. 2 CIV 02-0542-N-EJL <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff Christina Aripa and Plaintiff George Aripa hereby allege as their causes of action against Defendants as follows:

### I.   JURISDICTION AND VENUE

1.   This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 1367.  This is a civil action arising under the Constitution and laws of the United

COMPLAINT AND DEMAND FOR JURY TRIAL -1



States to recover damages and to address the deprivation under color of state, tribal, and federal law of rights secured by the United States Constitution and the Indian Civil Rights Act, specifically 25 U.S.C. § 1302(7) and (8). This action is authorized under 42 U.S.C. § 1983 and 28 U.S.C. 1343. There are also pendent claims arising under the Idaho Constitution and the laws of the State of Idaho.

2.   Venue is appropriate in the District of Idaho under 28 U.S.C. § 1391(b).

## II.  PARTIES

3.   Plaintiff Christina Aripa ("Aripa") and Plaintiff George Aripa (collectively "Plaintiffs") are, and at all times relevant to this action were, residents of Plummer, Benewah County, Idaho.

4.   Plummer, Idaho, is within the exterior boundaries of the Coeur d'Alene Indian Reservation.

5.   Plaintiffs are, and at all times relevant to this action were, wife and husband.

6.   Aripa is an Indian who is not an enrolled member of the Coeur d'Alene Tribe.

7.   Defendant Chiarpah Matheson ("Matheson") is, and at all times relevant to this action was, a resident of Plummer, Benewah County, Idaho.

8.   At all times relevant to this action, Matheson was a police officer hired, trained, supervised, and employed by the Coeur d'Alene Tribe.

COMPLAINT AND DEMAND FOR JURY TRIAL -2

LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.
Attorneys & Counselors at Law
414 S. Jefferson
Post Office Box 9344
Moscow, Idaho 83843-0117
(208)883-1505 FAX: (208)883-4593

9.   Defendant Coeur d'Alene Tribal Police ("Tribal Police") is the law enforcement agency for the Coeur d'Alene Tribe, under the direction and control of the Tribe.

10.   Defendant Coeur d'Alene Tribe ("Tribe") is a federally recognized Indian tribe with its tribal offices located in Plummer, Idaho, that exercises tribal sovereignty within the exterior boundaries of the Coeur d'Alene Indian Reservation.

11.   Defendant Coeur d'Alene Tribal Council ("Council"), both individually and collectively, serves as the tribal authority of the Coeur d'Alene Tribe and, on information and belief, the Coeur d'Alene Tribal Police.

12.   The Tribal Police, Tribe, and Council had supervisory hiring, retention, and training responsibilities over Matheson, and were responsible for evaluating, setting, and implementing the policies and practices of the Tribal Police.

13.   At all times relevant to this action, Matheson was acting within the course and scope of his employment with the Tribal Police or, alternatively, by his conduct was acting outside the course and scope of his responsibilities for the Tribal Police.

14.   As set forth below, Matheson violated Aripa's rights protected under the United States and Idaho Constitutions and under the Indian Civil Rights Act and should be held responsible in both his official and individual capacities under federal, state, and tribal law.

LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.
Attorneys & Counselors at Law
414 S. Jefferson
Post Office Box 9344
Moscow, Idaho 83843-0117
(208)883-1505   FAX: (208)883-4593

15.  At all times relevant to this action, Matheson was acting under color of federal, state, and tribal authority.

16.  At all times relevant to this action, Defendants and Benewah County were jointly involved, by cooperative agreement, in holding Aripa in custody.

17.  At all times relevant to this action, the Tribe was the owner of the 1995 Ford Explorer("vehicle"), Idaho license number 3B17626, vehicle identification number 1FMCU24X15UB65941, that Matheson was driving at the time of the below-described rollover.

### III.  GENERAL FACTS

18.  On or about November 27, 2000, at approximately 11:00 a.m., Aripa was being transported as a passenger, in custody, from St. Maries to Plummer in the above-referenced vehicle being driven by Matheson.

19.  Approximately 1.7 miles east of milepost 5 on State Highway 5, in Benewah County, Idaho, located within the exterior boundaries of the Coeur d'Alene Indian Reservation, Matheson lost control of the vehicle, struck a cement guard rail, and rolled the vehicle ("rollover").

20.  State Highway 5 is a state highway over which the State of Idaho exercises jurisdiction, by consent of the Tribe, and those driving on the highway are subject to State law with regard to the operation of motor vehicle.

21.  Just prior to rolling the vehicle, Matheson was driving recklessly and at an excessive rate of speed.

LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.
Attorneys & Counselors at Law
414 S. Jefferson
Post Office Box 9344
Moscow, Idaho 83843-0117
(208)883-1505 FAX: (208)883-4593

22.  Prior to the rollover, Aripa feared for her safety and had requested Matheson to drive more slowly and carefully.

23.  Aripa was seated in the right front passenger seat, handcuffed, and without a fastened safety harness.

24.  At the time of and just prior to the rollover, Matheson was driving recklessly.

25.  At the time of and just prior to the rollover, Matheson was driving inattentively.

26.  At the time of and just prior to the rollover, Matheson was driving too fast for the conditions then existing.

27.  At the time of and just prior to the rollover, Matheson was driving carelessly and heedlessly, without due caution and circumspection, and at a speed and in a manner as to endanger people and property.

28.  At the time of and just prior to the collision, Matheson was driving carelessly and without the care required of a reasonably prudent person.

29.  At the time of and just prior to the collision, Matheson was driving criminally, recklessly, and grossly negligently, all of which constitute extreme violations of reasonable standards of conduct.

30.  Matheson negligently and recklessly failed to secure Aripa in the vehicle.

31.  Matheson acted with deliberate indifference to and in reckless disregard of the rights and well-being of Aripa.

LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.
Attorneys & Counselors at Law
414 S. Jefferson
Post Office Box 9344
Moscow, Idaho 83843-0117
(208)883-1505  FAX: (208)883-4593

32. A reasonable police officer in the same or similar circumstances as Matheson could not have reasonably believed that his conduct was lawful or comported with constitutional standards.

33. Constitutional standards for properly caring for the safety of a prisoner were clearly established on November 27, 2000.

34. The policies and practices of the Tribal Police, including, but not limited to, failing to properly and safely transport prisoners, and failing to properly hire, train, retain, and supervise its employees was a moving force behind the constitutional violations that occurred in this case.

35. The Tribal Police, the Tribe, and the Council knew, or should have known, of Matheson's propensity to drive negligently, carelessly and recklessly, and to fail to take steps to properly ensure the safety of a person in his custody.

36. As a direct and proximate result of the rollover, Aripa suffered severe, permanent, and painful injuries and emotional distress.

37. As a direct and proximate result of the rollover, Aripa suffered a miscarriage and lost her child.

38. As a direct and proximate result of the rollover, George Aripa suffered emotional distress and damages.

LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.
Attorneys & Counselors at Law
414 S. Jefferson
Post Office Box 9344
Moscow, Idaho 83843-0117
(208)883-1505  FAX: (208)883-4593

COMPLAINT AND DEMAND FOR JURY TRIAL -6

LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.
Attorneys & Counselors at Law
414 S. Jefferson
Post Office Box 9344
Moscow, Idaho 83843-0117
(208)883-1505 FAX: (208)883-4593

## IV.   CAUSES OF ACTION

FIRST CAUSE OF ACTION
Violation Of Civil Rights
(against all Defendants, in both official
and individual capacities)

39.   Plaintiffs hereby incorporate by reference each paragraph of this Complaint.

40.   Because the Tribe cannot exercise criminal jurisdiction over Aripa, a non-member of the Coeur d'Alene Tribe, without specific Congressional delegation, the exercise of criminal jurisdiction over Aripa must not violate the rights accorded Aripa under the United States Constitution and otherwise under federal law.

41.   Matheson and the Tribe were also exercising jurisdiction over and custody of Aripa under a joint arrangement with Benewah County.

42.   Defendants violated Aripa's rights to be free from cruel and unusual punishment, to equal protection of the laws, to due process, and to constitutional privileges and immunities as recognized and protected under the United States Constitution, the Idaho Constitution, and the Indian Civil Rights Act.

43.   The above-described violations of civil rights are actionable under 42 U.S.C. § 1983 and 25 U.S.C. § 1302.

44.   As a direct and proximate result of these violations of civil rights, Plaintiffs have suffered damages.

COMPLAINT AND DEMAND FOR JURY TRIAL -7

SECOND CAUSE OF ACTION
Negligence Per Se and Negligence
(against all Defendants)

45.   Defendants   had   a   duty   to   act   toward   Aripa   with reasonable care.

46.   Defendants breached their duty to act toward Aripa with reasonable care.

47.   The Tribal Police, the Tribe, and the Council breached their duty of care towards Plaintiffs by negligently failing to hire, train, and supervise its employees in the appropriate methods of safely transporting prisoners.

48.   At the time of and just prior to the collision, Matheson had numerous statutory duties imposed by Idaho Code including, but not limited to, the following:

(a)   Not to drive inattentively, carelessly, and imprudently in light of the circumstances then existing in violation of Idaho Code Section 49-1401(3);

(b)   Not to drive at a speed greater than is reasonable and prudent under the conditions while having regard to the actual and potential hazards then existing in violation of Idaho Code Section 49-654(1);

(c)   To drive at a safe and appropriate speed when special hazards exist with respect to traffic or by reason of highway conditions in accordance with Idaho Code Section 49-654;

(d)   Not to drive a motor vehicle recklessly in violation of Idaho Code Section 49-1401(1);

LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.
Attorneys & Counselors at Law
414 S. Jefferson
Post Office Box 9344
Moscow, Idaho 83843-0117
(208)883-1505 FAX: (208)883-4593

(e) Not to commit aggravated battery by causing great bodily harm to Aripa and great bodily harm to her fetus in violation of Idaho Code § 18-907(a) and (e);

(f) Not to commit vehicular manslaughter in violation of Idaho Code § 18-4006(3)(a) and (c).

49.  The above-listed laws are criminal and safety statutes, enacted for the protection of motorists and other persons using Idaho's roads and highways, including Aripa and her unborn child.

50.  On or about November 27, 2000, Matheson breached his statutory duties to Aripa as follows:

(a) Drove inattentively, carelessly, and imprudently in light of the circumstances then existing in violation of Idaho Code Section 49-1401(3);

(b) Drove at a speed greater than is reasonable and prudent under the conditions while having regard to the actual and potential hazards then existing in violation of Idaho Code Section 49-654(1);

(c) Did not drive at a safe and appropriate speed when special hazards existed with respect to traffic or by reason of highway conditions as required by Idaho Code Section 49-654;

(d) Drove a motor vehicle recklessly in violation of Idaho Code Section 49-1401(1);

(e) Committed aggravated battery in violation of Idaho Code § 18-907(a) and (e);

LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.
Attorneys & Counselors at Law
414 S. Jefferson
Post Office Box 9344
Moscow, Idaho 83843-0117
(208)883-1505 FAX: (208)883-4593

(f)   Committed vehicular manslaughter in violation of Idaho Code § 18-4006(3)(a) and (c).

51.   As a direct and proximate result of Matheson's breach of each of the above-referenced statutory duties, Plaintiffs suffered severe, permanent, and painful injuries and/or damages.

52.   At the time of and just prior to the collision, Matheson had a duty to exercise reasonable care in the operation of his vehicle and a duty to exercise reasonable care towards Aripa so as not to pose an unreasonable risk of harm to Aripa and others.

53.   Matheson breached his duties to Aripa by operating the vehicle negligently, carelessly, and inattentively such that it rolled over.

54.   Matheson breached his duties to Aripa by operating the vehicle grossly negligently, recklessly, and with an extreme deviation from reasonable standards of conduct thus exposing Aripa to an extreme risk of harm.

55.   Matheson acted toward Aripa with deliberate indifference to and reckless disregard of her safety.

56.   As a direct and proximate result of Defendants' negligence and negligence per se, Plaintiffs suffered severe, permanent, and painful injuries and/or damages.

### THIRD CAUSE OF ACTION
Imputed Negligence and Negligence Per Se
(against Defendants Tribal Police, Tribe, and Council)

57.   Plaintiffs hereby incorporate by reference each paragraph of this Complaint.

COMPLAINT AND DEMAND FOR JURY TRIAL -10

LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.
Attorneys & Counselors at Law
414 S. Jefferson
Post Office Box 9344
Moscow, Idaho 83843-0117
(208)883-1505 FAX: (208)883-4593

58.  The Tribe owned the vehicle Matheson was driving at the time of the rollover.

59.  Matheson was driving the vehicle with the Coeur d'Alene Tribe's express or implied permission.

60.  Under Idaho Code Section 49-2417, the Coeur d'Alene Tribe is liable and responsible for Plaintiffs' injuries and damages resulting from Matheson's negligence per se and negligence in the operation of the vehicle.

61.  Under Idaho Code Section 49-2417, Matheson's acts are imputed to the Coeur d'Alene Tribe for all purposes of civil damages.

62.  As a direct and proximate result of Matheson's negligence per se and negligence, as imputed to the Coeur d'Alene Tribe, Plaintiffs suffered severe, permanent, and painful injuries and/or damages.

FOURTH CAUSE OF ACTION<br>
Negligent Entrustment<br>
(against Defendants Tribal Police, Tribe, and Council)

63.  Plaintiffs hereby incorporate by reference each paragraph of this Complaint.

64.  The Tribe, as owner of the vehicle Matheson was driving at the time of the rollover, had a right to control the use of the vehicle.

65.  The Tribe had a duty not to allow the vehicle to be used by a person or under circumstances where it knew or should have known that such use would create an unreasonable risk of harm to Aripa and others.

COMPLAINT AND DEMAND FOR JURY TRIAL -11

LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.
Attorneys & Counselors at Law
414 S. Jefferson
Post Office Box 9344
Moscow, Idaho 83843-0117
(208)883-1505 FAX: (208)883-4593

66. The Tribe knew or should have known that, because of Matheson's youth, inexperience, propensity to drive carelessly and inattentively, and to otherwise act in violation of law and without the due care required of a reasonably prudent person, Matheson would use the vehicle in a manner involving unreasonable risk of harm to Aripa and others.

67. It is reasonably foreseeable that entrusting the vehicle to Matheson by the Coeur d'Alene Tribe would result in an unreasonable risk of harm to Aripa and others.

68. As a direct and proximate result of Defendants' negligent entrustment, Plaintiffs suffered severe, painful, and permanent injuries and/or damages.

### FIFTH CAUSE OF ACTION
Intentional And Negligent Infliction of Emotional Distress
(against Defendant Matheson)

69. Plaintiffs hereby incorporate by reference each paragraph of this Complaint.

70. Matheson intentionally and negligently inflicted severe emotional distress on Aripa.

71. Aripa has had physical manifestations of her emotional distress.

72. As a direct and proximate result of Matheson's intentional and negligent infliction of emotional distress on Aripa, Plaintiffs have suffered severe emotional distress and/or damages.

LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.
Attorneys & Counselors at Law
414 S. Jefferson
Post Office Box 9344
Moscow, Idaho 83843-0117
(208)883-1505 FAX: (208)883-4593

LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.
Attorneys & Counselors at Law
414 S. Jefferson
Post Office Box 9344
Moscow, Idaho 83843-0117
(208)883-1505 FAX: (208)883-4593

## V. DAMAGES

(As to all claims against all Defendants, jointly and severally)

73.   Plaintiffs   hereby   incorporate   by   reference   each paragraph of this Complaint.

74.   As a direct and proximate result of Defendants' acts and omissions, Aripa has suffered and will continue to suffer special damages including hospital, physician, counseling, prescription, and other health care expenses in the minimum amount of $5,000, the exact amounts to be proven at trial.

75.   As a direct and proximate result of Defendants' acts and omissions, Aripa has sustained loss of earnings and loss of earning capacity in amounts to be proven at trial.

76.   As a direct and proximate result of Defendants' acts and omissions, Aripa has suffered painful and disabling physical injuries and a miscarriage, thus causing past and future pain and suffering,   past   and   future   emotional   distress,   and   past   and future loss of enjoyment of life in amounts to be proven at trial.

77.   As a direct and proximate result of Defendants' acts and omissions, George Aripa has suffered past and future emotional distress,   and   the   loss   of   Aripa's   consortium   and   services   in amounts to be proven at trial.

78.   As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have incurred attorney fees and costs which should be awarded under State and Federal law, including Idaho Code § 12-117, Idaho Code § 12-121, and 42 U.S.C. § 1988.

COMPLAINT AND DEMAND FOR JURY TRIAL -13

WHEREFORE, Plaintiffs incorporate 1 through 78 of this Complaint as reference and pray for judgment against Defendants, jointly and severally, as follows:

1.   Special damages, including past and future medical, counseling, and other expenses in the minimum amount of $5,000, the exact amounts to be proven at trial.

2.   For Aripa, lost earnings and loss of earning capacity in amounts to be proven at trial.

3.   For Aripa, compensatory damages for past and future pain and suffering, past and future emotional distress, and past and future loss of enjoyment of life in amounts to be proven at trial.

4.   For George Aripa, compensatory damages for past and future emotional distress, and loss of consortium and services in amounts to be proven at trial.

5.   Attorney fees and costs incurred in the prosecution of this action.

6.   Prejudgment and postjudgment interest.

7.   Such other and further relief as the court deems appropriate.

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY OF NOT LESS THAN TWELVE (12) PERSONS.

DATED this 25th day of November, 2002.

LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.


By:

John C. Judge
Attorneys for Plaintiffs

COMPLAINT AND DEMAND FOR JURY TRIAL -14

LANDECK, WESTBERG, JUDGE & GRAHAM, P.A.
Attorneys & Counselors at Law
414 S. Jefferson
Post Office Box 9344
Moscow, Idaho 83843-0117
(208)883-1505  FAX: (208)883-4593